UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JASON J. STRIETER,**
 *also known as Jawaadah Destiny Strieter,*

 **Petitioner,**

 v.                  Case No. 24-CV-1518-SCD

**BRIAN CAHAK,**
 *Warden, Oshkosh Correctional Institution,*

 **Respondent.**

## RULE 4 ORDER

 In 2022, Jason Strieter was sentenced to six years in Wisconsin state prison after she[1] pleaded no contest to possessing child pornography. *See* ECF No. 1 at 2. Strieter filed a post-conviction motion raising several issues, including that the trial court erred in denying her motion to suppress evidence recovered from her cell phone, that she was compelled to comply with the search because she was on extended supervision at the time, that she wasn't given any *Miranda* warnings, and that 2013 Wisconsin Act 79 does not apply to cell phone data. *Id.* at 3. The circuit court denied the motion without a hearing, and the Wisconsin Court of Appeals affirmed. *Id.* at 3–4. On September 11, 2024, the Wisconsin Supreme Court denied Strieter's petition for review. *Id.* at 3. Strieter did not seek relief from the United States Supreme Court. *See id.* at 4.

 Strieter is currently confined at Oshkosh Correctional Institution in Oshkosh, Wisconsin. *See* ECF No. 1 at 1. On November 22, 2024, she filed a petition for a writ of

---

[1] Strieter, who is transitioning to a transgender woman, uses female pronouns.

habeas corpus pursuant to 28 U.S.C. § 2254 in the federal district court, alleging that she is in custody in violation of the Constitution or laws or treaties of the United States. *See generally* ECF No. 1. The clerk of court randomly assigned the matter to me, and Strieter paid the $5.00 filing fee. Inmates at Oshkosh Correctional Institution ordinarily must submit their legal documents to institution staff, who scan the documents and e-mail them to the court. Strieter requests a waiver of the e-filing requirement because she trusts postal staff over the staff at Oshkosh. Although e-filing likely would be quicker and cheaper for Strieter, the court **GRANTS** her request for a waiver of the e-filing requirement, ECF No. 4.

I must also promptly examine Strieter's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 states, in relevant part, as follows:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During this initial review, I generally analyze three issues: whether the petitioner has set forth cognizable federal law claims, whether the petitioner has exhausted available state remedies, and whether the petition is timely.

Strieter raises four potential grounds for relief in her petition. *See* ECF No. 1 at 6–9. First, she claims that Act 79 does not apply to the digital contents of a cell phone. Second, she claims that she was not given *Miranda* warnings, and she did not voluntarily consent to the search of her cell phone. Third, she claims that her right against forced self-incrimination was violated when she was compelled to give incriminating information to the police. Finally, she claims that the trial court erred in denying her suppression motion. Strieter requests that

the federal court vacate her judgment of conviction, suppress the challenged evidence, and declare that Act 79 does not apply to cell phones. *See id.* at 12.

It does not plainly appear from the petition that Strieter is not entitled to relief in the district court. The petition appears to be timely. Moreover, while several of Strieter's claims seem to relate to matters of state law—which cannot form the basis for federal habeas relief—she appears to set forth at least one cognizable federal claim.[2] And because Strieter did not attach to her petition a copy of the relevant state-court decisions, I cannot tell whether she has exhausted her state-court remedies with respect to her claims. I will therefore leave those potential issues (and any others) for the respondent and order Brian Cahak, the warden of Oshkosh Correctional Institution, to respond to the petition.

1. Within 60 days of the date of this order, the respondent shall file an answer, motion, or other appropriate response to the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

2. If the respondent files an answer to the petition, then the parties shall abide by the following briefing schedule:

    A. The petitioner shall have 60 days following the filing of the respondent's answer within which to file a brief in support of her petition, providing reasons why the writ of habeas corpus should be issued;

    B. The respondent shall have 60 days following the filing of the petitioner's brief in support within which to file a brief in opposition to the petition; and

    C. The petitioner shall have 30 days following the filing of the respondent's brief in opposition within which to file a reply brief, if any.

---

[2] This preliminary finding does not mean that any potential Fourth Amendment claim clears the procedural hurdle announced by the Supreme Court in *Stone v. Powell*, 428 U.S. 465 (1976).

3

3. If the respondent files a motion and supporting brief in lieu of an answer, then the parties shall abide by the following briefing schedule:

    A. The petitioner shall have 45 days following the filing of the respondent's dispositive motion and supporting brief within which to file a brief in opposition to that motion; and

    B. The respondent shall have 30 days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty pages, and reply briefs must not exceed fifteen pages (excluding any caption, cover page, table of contents, table of authorities, and/or signature block). *See* E.D. Wis. Civ. L. R. 7(f). The petitioner shall submit all correspondence and legal material to:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

**PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS**, as it will only delay the processing of the matter. The petitioner must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Because the petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, the petitioner does not need to mail copies to counsel for the respondent. The respondent will be served electronically through the court's electronic case filing system. The petitioner should also retain a personal copy of each document for her own files.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this

order will be sent via Notice of Electronic Filing (NEF) to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Wisconsin Department of Justice will inform the court within 21 days from the date of the NEF of the names of the respondents on whose behalf WisDOJ will not accept service of process, the reason for not accepting service for them, and the last known address of the respondent. WisDOJ will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

**SO ORDERED** this 28th day of January, 2025.

*[Signature: Stephen C. Dries]*

STEPHEN C. DRIES
United States Magistrate Judge