UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON J. STRIETER,
   *also known as Jawaadah Destiny Strieter,*

      Petitioner,

      v.                                                Case No. 24-CV-1518-SCD

BRIAN CAHAK,
   *Warden, Oshkosh Correctional Institution,*

      Respondent.

## DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

In 2019, the State of Wisconsin charged Jason Strieter with possessing child pornography found on her[1] cell phone. A cyber tip had led the police to Strieter, who, after some initial reluctance due to her admission that the phone contained evidence of drug activity, gave the police permission to look through the phone. Because Strieter was on felony supervision at the time, the police could search her property if they reasonably suspected that she had committed a crime or had violated her supervision.

Prior to trial, Strieter moved to suppress the evidence recovered from her phone, as well as statements she made to the police after she gave up the phone, arguing that her supervision status didn't justify the warrantless search and seizure, any consent was involuntary, and the police failed to provide the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966). The trial court denied the motion following an evidentiary hearing, finding

---

[1] Strieter, who is transitioning to a transgender woman, uses female pronouns.

that the seizure and the search of the phone were authorized by Strieter's felony supervision, Strieter voluntarily consented to the search of her cell phone, and Strieter was not in custody when she gave the police permission to look through her phone (and so *Miranda* warnings were not required). Strieter eventually pleaded no contest to possessing child pornography. On appeal, the state appellate court agreed that the police reasonably suspected that Strieter was involved in criminal activity; thus, the seizure and the search of the cell phone were lawful given Strieter's felony supervision. The appellate court declined to address Strieter's other arguments, and the state supreme court declined further review.

Strieter has filed a petition for a writ of habeas corpus challenging the constitutionality of her state conviction. She raises the same three arguments made in state court. The respondent has moved to dismiss the petition, arguing that all of Strieter's claims are procedurally deficient and/or not cognizable on federal habeas review. I agree. Strieter's supervision claim is not cognizable on federal review because it is a state-law issue, Strieter's consent claim is procedurally barred because the state courts afforded her a full and fair opportunity to litigate that claim, and Strieter's *Miranda* claim is not cognizable because her statements were not used against her at a trial. Accordingly, I will grant the respondent's motion, deny Strieter's petition, and dismiss this action.

## BACKGROUND

In August 2019, Appleton police sergeant Adam Nagel received a cyber tip about a cell phone user searching for animated images of children being sexually assaulted by adults. *See* Respt's Br., Ex. 2, at 5, ECF No. 10-2. Law enforcement records linked the phone to Jason Strieter, who at the time was on felony extended supervision. *See id.*; *see also* Respt's Br., Ex. 4, at 5:5–7, 15:8–11, ECF No. 10-4. Strieter's rules of supervision required her to refrain from

2

consuming drugs. *See* Respt's Br., Ex. 5, at 4:6–9, ECF No. 10-5. Also, given her supervision status, Strieter, her residence, and any property under her control could be searched by law enforcement at any time during her supervision if an officer reasonably suspected that she was committing, was about to commit, or had committed a crime or a violation of her supervision rules. *See* Wis. Stat. § 302.113(7r).

Sergeant Nagel and another officer went to Strieter's apartment to question her about the suspicious images. *See* Ex. 4, at 4:19–5:20. After Strieter let the officers inside, Nagel explained that they were there to investigate animated child pornography that the police believed was associated with Strieter's internet protocol address. *Id.* at 5:21–7:11. Strieter confirmed her cell phone number, which was the same number listed on the cyber tip. *Id.* at 8:14–19. Strieter initially told the officers that she did not want them to look at her phone because she had drug information on there. *Id.* at 8:20–9:2. She also said that she had recently used methamphetamine and that there was drug paraphernalia in the apartment. *Id.* at 9:3–12. When Nagel again brought up the child pornography issue, Strieter indicated that people sent some links to her, and she didn't know how to delete them from her phone. *Id.* at 10:8–22.

Eventually, Strieter gave Sergeant Nagel her phone, her passcode, and her permission to go through the phone. *See* Ex. 4, at 11:9–13:8. Nagel found images of suspected child pornography within the phone's photo application. *Id.* at 13:9–16, 29:1–9. Based on that discovery, Nagel obtained a warrant for a cell phone extraction, which uncovered multiple images of child pornography. *Id.* at 13:17–14:6. Strieter was arrested and charged in Winnebago County Circuit Court with eleven counts of possession of child pornography. *See* Ex. 2.

Prior to trial, Strieter moved to suppress the evidence recovered from her phone and the statements she made to law enforcement after they had seized it. She argued that the seizure and the search of her cell phone were not authorized under 2013 Wisconsin Act 79, § 5 (codified at Wis. Stat. § 302.113(7r)), that she did not voluntarily consent to the seizure and the search, that the police violated her *Miranda* rights, and that the warrant to search her phone was invalid. *See* Respt's Br., Ex. 3, ECF No. 10-3.

The trial court held an evidentiary hearing on the motion. *See* Ex. 4. Sergeant Nagel testified about the cyber tip, visiting Strieter's apartment, and Strieter's statements about her engaging in drug activity and possibly having incriminating links on her cell phone. *See id.* at 4:10–18:11. Nagel further testified that the officers did not threaten Strieter in any way and that Strieter was allowed to move about her apartment freely and smoke a cigarette during most of the encounter. However, he said that, after locating child pornography on the phone, Strieter was handcuffed, denied permission to get dressed, and taken directly to a squad car. *See id.* at 24:13–23. At the hearing, the trial court also received into evidence footage from Nagel's body-worn camera. *See id.* at 7:12–8:13. The court permitted, and the parties later filed, post-hearing briefs. *See* Ex. 3; Respt's Br., Ex. 8, ECF No. 10-8.

The trial court largely denied Strieter's suppression motion. *See* Ex. 5, at 3:12–9:1. The court noted that "warrantless searches are per se unreasonable unless the State proves a recognized exception." *Id.* at 3:18–23. According to the court, the search of Strieter's cell phone was authorized by Act 79 because the police reasonably suspected that Strieter had violated a condition of her supervision, because the phone was property under her control, and because the search was reasonable in scope. *See id.* at 3:24–6:3. The court also determined that Strieter had voluntarily consented to the search of her cell phone. *See id.* at 6:4–7:12. As

4

for the *Miranda* issue, the court found that Strieter was not in custody until she was handcuffed and denied the right to change clothes and smoke a cigarette. *See id.* at 7:13–9:1. The court therefore suppressed any statements Strieter made after that time, as she was not provided any *Miranda* warnings, but did not suppress any statements Strieter made before being handcuffed. Finally, the court found the warrant to search Strieter's cell phone valid because it was not based on any illegally seized evidence and because it was supported by probable cause. *See id.* at 8:5–8.

Strieter did not go to trial. She pleaded no contest to one count of possession of child pornography and was sentenced to three years of initial confinement and three years of extended supervision. *See* Respt's Br., Ex. 1, ECF No. 10-1. The trial court entered a judgment of conviction in March 2022.

On appeal, the Wisconsin Court of Appeals summarily affirmed the judgment of conviction and the order denying Strieter's motion to suppress. *See* Respt's Br., Ex. 6, ECF No. 10-6.[2] The court rejected as "underdeveloped and unsupported by Wisconsin law" Strieter's argument that law enforcement lacked authority under Act 79 to search the digital contents of her cell phone. *See id.* at 3 (citing *Techworks, LLC v. Wille*, 2009 WI App 101, ¶ 27, 770 N.W.2d 727, 739–40; *Indus. Risk Insurers v. Am. Eng'g Testing, Inc.*, 2009 WI App 62, ¶ 25, 769 N.W.2d 82, 93). The court also rejected Strieter's argument that the cell phone search was unreasonable in scope. *See id.* at 3–4. Finally, the court determined that law enforcement had reasonable suspicion to seize and search Strieter's phone based on the totality of the circumstances, including the cyber tip, Strieter's supervision status, and Strieter's admissions

---

[2] *State v. Strieter*, No. 2022AP1931-CR, 2024 WL 1653750, 2024 Wisc. App. LEXIS 327 (Wis. Ct. App. Apr. 17, 2024).

that she had evidence of drug activity on her phone, that she had drug paraphernalia in the apartment, and that she didn't know how to remove unwanted downloads from her phone. *See id.* at 4–5. Because the court found the seizure and the search authorized by Act 79, it declined to address Strieter's other arguments. *See id.* at 5 n.3.

On September 11, 2024, the Wisconsin Supreme Court summarily denied Strieter's petition for review. *See* Respt's Br., Ex. 7, ECF No. 10-7.[3]

In November 2024, Strieter filed a federal habeas petition under 28 U.S.C. § 2254. *See* Pet., ECF No. 1. The matter was randomly assigned to me, and all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 3 & 8. Brian Cahak, the warden who has custody of Strieter, has moved to dismiss the petition. *See* Respt's Mot., ECF No. 9; Respt's Br., ECF No. 10. Strieter has not responded to Cahak's motion, and the time to do so has long passed. *See* Rule 4 Order, at 4, ECF No. 5 (giving Strieter 45 days to file a brief in opposition to any dispositive motion); *see also* Order, at 2, ECF No. 11 (giving Strieter until August 1, 2025, to file a response).

## DISCUSSION

Strieter raises four potential grounds for relief in her petition. First, Strieter claims that the search of her cell phone violated Act 79. Second, Strieter claims that she did not voluntarily consent to the seizure and the search of her cell phone. Third, Strieter claims that all statements she made after the police seized her cell phone should have been suppressed. Finally, Strieter claims that the trial court erred in denying her suppression motion. Cahak has moved to dismiss the petition, arguing that all four grounds for relief are procedurally deficient and/or not cognizable on federal habeas review.

---

[3] *State v. Strieter*, No. 2020AP001931-CR, 2024 Wisc. LEXIS 404 (Wis. Sept. 11, 2024).

6

## I. Strieter Is Not Entitled to Federal Habeas Relief on Her Act 79 Claim

Cahak first argues that ground one must be dismissed because it is a state-law claim. A state prisoner like Strieter may seek habeas relief under § 2254 "only on the ground that [she] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has repeatedly explained that "errors of state law in and of themselves are not cognizable on habeas review." *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). "The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene." *Ibid.* "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that [her] claim 'presents no federal issue at all.'" *Id.* (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)).

Strieter's Act 79 claim is not cognizable on federal habeas review. She insists that Act 79 did not authorize the search of her cell phone because law enforcement lacked reasonable suspicion at the time of the search, because Act 79 does not apply to the digital contents of a cell phone, and because the search was overly broad. *See* Pet. 6–7. This claim asks a federal court to determine whether the Wisconsin state courts correctly interpreted a Wisconsin statute, both in substance and in scope. However, federal habeas relief does not lie for errors of state law.

Cahak also argues that this court cannot review the merits of ground one because the state courts resolved Strieter's Act 79 argument on state procedural grounds. "[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural

7

rule." *Whyte v. Winkleski*, 34 F.4th 617, 623 (7th Cir. 2022) (quoting *Davila v. Davis*, 582 U.S. 521, 527 (2017)). A state-law procedural ground "is adequate if it is 'firmly established and regularly followed as of the time when the procedural default occurred.'" *Triplett v. McDermott*, 996 F.3d 825, 829 (7th Cir. 2021) (quoting *Richardson v. Lemke*, 745 F.3d 258, 271 (7th Cir. 2014)). "It is independent of federal law if it does not depend on the merits of the petitioner's claim." *Id.* (citing *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (per curiam)). "To bar federal review, the state law ground must also have been invoked and actually relied upon by the last state court to consider the petitioner's claim." *Id.* (citing *Harris v. Reed*, 489 U.S. 255, 261–62 (1989)). A federal habeas petitioner can obtain merits review of a defaulted claim if she "can show both cause for and prejudice from the default or can demonstrate that the district court's failure to consider the claim would result in a fundamental miscarriage of justice." *Richardson*, 745 F.3d at 272 (citing *Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013)).

The Wisconsin Court of Appeals expressly relied on an adequate and independent state procedural rule to reject Strieter's argument that Act 79 does not apply to the digital contents of cell phones. Specifically, the court rejected that argument as "underdeveloped and unsupported by Wisconsin law." Ex. 6, at 3. Wisconsin courts routinely refuse to consider the merits of undeveloped and unsupported arguments. *See, e.g.*, *Techworks*, 770 N.W.2d at 740 (citing *League of Women Voters v. Madison Cmty. Foud.*, 2005 WI App 239, ¶ 19, 707 N.W.2d 285, 291; *Vesely v. Sec. First Nat'l Bank of Sheboygan Tr. Dep't*, 381 N.W.2d 593, 598 n.5 (Wis. Ct. App. 1985)). Indeed, the Seventh Circuit has recognized Wisconsin's rules about the proper development of legal claims as an adequate and independent state procedural ground. *See Kerr v. Thurmer*, 639 F.3d 315, 323 (7th Cir. 2011), *judgment vacated on other grounds by Thurmer v. Kerr*, No. 10-1557, 2012 WL 986815, 2012 U.S. LEXIS 2349 (U.S. Mar. 26, 2012).

8

Because the state court denied Strieter's argument based on an adequate and independent state procedural rule, that portion of her Act 79 claim is procedurally defaulted. Strieter has not offered an excuse for her default; thus, I am precluded from reaching the merits of her claim regarding the scope of Act 79 searches.

Accordingly, Strieter is not entitled to federal habeas relief on her claim that the search of her cell phone violated Act 79.

## II. Strieter Is Not Entitled to Federal Habeas Relief on Her Consent Claim

Strieter also challenges the warrantless seizure and search of her cell phone under the Fourth Amendment, arguing that her consent was not voluntary. *See* Pet. 7–8. Cahak contends that *Stone v. Powell*, 428 U.S. 465 (1976), bars this court from reaching the merits of Strieter's consent claim. Alternatively, Cahak maintains that, even if Strieter's consent was involuntary, the seizure and the search of the phone were valid under Act 79.

Federal habeas review is very limited with respect to Fourth Amendment claims that already have been raised in state court. In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at [her] trial." 428 U.S. at 494. The Seventh Circuit has interpreted *Stone* as barring federal habeas review of the merits of all Fourth Amendment claims, including where the state courts denied a pretrial suppression motion, if the petitioner has had a full and fair opportunity to litigate her claim in state court. *See, e.g.*, *Monroe v. Davis*, 712 F.3d 1106, 1112–13 (7th Cir. 2013); *Miranda v. Leibach*, 394 F.3d 984, 997 (7th Cir. 2005).

A petitioner has received a full and fair opportunity if "(1) [she] clearly apprised the state court of [her] Fourth Amendment claim along with the factual basis for that claim, (2) the state court carefully and thoroughly analyzed the facts, and (3) the court applied the proper constitutional case law to those facts." *Leibach*, 394 F.3d at 997 (citing *Pierson v. O'Leary*, 959 F.2d 1385, 1391 (7th Cir. 1992); *Cabrera v. Hinsley*, 324 F.3d 527, 531–32 (7th Cir. 2003); *Hampton v. Wyant*, 296 F.3d 560, 563–64 (7th Cir. 2002)). "A state court process that amounts to a sham," however, "would not constitute a full and fair hearing even though the petitioner had [her] day in court on the claim." *Monroe*, 712 F.3d at 1114 (citing *Cabrera*, 324 F.3d at 531–32; *Hampton*, 296 F.3d at 563–64). Similarly, a petitioner likely has not received a full and fair opportunity to litigate [her] claim if the state court's factual determinations "lack the fair support of the record," or if the state court committed an "egregious error" in resolving the Fourth Amendment issue. *Leibach*, 394 F.3d at 998 (citations omitted).

A review of the relevant state-court record shows that all three prongs of the *Leibach* test are satisfied in this case and, thus, that Strieter received a full and fair opportunity to litigate her Fourth Amendment claim in the Wisconsin courts. First, Strieter clearly apprised the state trial court[4] of her consent claim and the factual basis for that claim in her pretrial suppression motion. *See* Ex. 3, at 1–6, 12–15; Ex. 5, at 3:12–17. Second, the trial court carefully and thoroughly analyzed the facts of Strieter's claim. The court held an evidentiary hearing at which Sergeant Nagel testified subject to cross-examination. *See* Ex. 4, at 4:10–

---

[4] "The full and fair hearing requirement applies not only at the trial-court level in state court but also on direct review of the petitioner's conviction." *Leibach*, 394 F.3d at 997 (citing *Stone*, 428 U.S. at 489). In our case, however, the Wisconsin Court of Appeals declined to address the consent issue because it viewed the Act 79 issue as dispositive. *See* Ex. 6, at 5 n.3. Strieter does not challenge that finding or argue that the state appellate court failed to provide a full and fair opportunity to litigate her consent claim. Thus, I focus on the litigation opportunity presented by the state trial court.

10

42:23. The court also reviewed footage from Nagel's body-worn camera, *see id*. at 7:12–8:13, 43:6–17; *see also* Ex. 5, at 4:10–14, and received post-hearing briefs, *see* Ex. 3; Ex. 8.

Finally, the trial court applied the proper constitutional case law to those facts. Although the court did not cite any specific cases, it correctly noted that warrantless searches are per se unreasonable unless the State proves a recognized exception to the warrant requirement and that consent is one such exception. *See* Ex. 5, at 3:18–23, 6:4–7. The court then examined the hearing testimony and the body-cam footage, observing that Strieter initially denied the police permission to look through her phone. *See id.* at 3:24–6:22. However, the court found that Strieter later changed her mind and gave the officers her phone, her passcode, and her permission to go through it. *Id.* at 5:23–6:1, 6:23–24. The court also addressed Strieter's argument that her consent was not voluntary because she was in custody at the time she provided it. *See id.* at 5:7–8:4. The court noted the correct rule about custody: whether a reasonable person would feel free to leave. *See, e.g.*, *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977) (per curiam). Applying that rule, the court reasonably determined that Strieter was not in custody when she gave the officers consent to search her phone, as she was able to walk around freely, she was allowed to smoke a cigarette, and she was repeatedly advised that she was not going to jail and was not in trouble. *See* Ex. 5, at 6:12–7:2.

"[A] 'full and fair opportunity' guarantees only 'the right to present one's case.'" *Watson v. Hulick*, 481 F.3d 537, 542 (7th Cir. 2007) (quoting *Cabrera*, 324 F.3d at 531–32). "[I]t does not guarantee a correct result." *Cabrera*, 324 F.3d at 532. Nothing in the state-court record suggests that Strieter was denied a full and fair *opportunity* to litigate her consent claim in state court. The trial court's hearing on the issue was not a sham. The hearing testimony and the body-cam footage support the trial court's factual determinations. And the trial court did not

11

commit an egregious error in resolving the consent issue or fail to take the issue seriously. Thus, *Stone* precludes me from reaching the merits of Strieter's Fourth Amendment claim.

Even if Strieter could clear the *Stone* procedural bar and show that her consent was invalid, she still would not be entitled to federal habeas relief. To prevail on her Fourth Amendment claim, Strieter would have to show not only that her consent was involuntary, but that the state court, as a result of the involuntary consent, should have invoked the exclusionary rule to bar the admission of the evidence recovered from Strieter's cell phone. *See Monroe*, 712 F.3d at 1113. Here, the state courts reasonably determined that the seizure and the search of Strieter's phone were valid under Act 79, *see* Ex. 5, at 3:24–6:3; Ex. 6, at 2–5—which is a state-law issue not cognizable on federal habeas review. The images found on Strieter's phone therefore would have been admissible even if she had not consented to the seizure and the search.

Accordingly, Strieter is not entitled to federal habeas relief on her consent claim.

### III. Strieter Is Not Entitled to Federal Habeas Relief on Her *Miranda* Claim

Next, Strieter challenges the admissibility of all statements she made to law enforcement after the police seized her cell phone. *See* Pet. 8. Strieter never says what statements are at issue, but, given my review of the evidentiary hearing transcript, I presume she is referring to statements made when she gave the police her passcode and told the police they could look through her phone. *See id.* at 7–8 (alleging that she was compelled to consent to the search of her cell phone). According to Strieter, those statements should have been suppressed because she was in custody at the time and the police did not provide any *Miranda* warnings. Cahak argues that Strieter's *Miranda* claim is not cognizable on federal habeas review because she never went to trial and, thus, there was no constitutional violation.

"The Fifth Amendment, made applicable to the States by the Fourteenth Amendment, . . . requires that 'no person . . . shall be compelled *in any criminal case* to be a *witness* against himself.'" *Chavez v. Martinez*, 538 U.S. 760, 766 (2003) (plurality opinion) (quoting U.S. Const. amend. V). "[T]o safeguard the Fifth Amendment privilege against self-incrimination, *Miranda* warnings are required for custodial interrogation." *A.M. v. Butler*, 360 F.3d 787, 795 (7th Cir. 2004) (citing *Miranda*, 384 U.S. at 444). Nevertheless, "a violation of *Miranda* does not necessarily constitute a violation of the Constitution." *Vega v. Tekoh*, 597 U.S. 134, 150 (2022). This is so because, "in protecting a defendant's Fifth Amendment privilege against self-incrimination, *Miranda* safeguards 'a fundamental *trial* right.'" *Withrow v. Williams*, 507 U.S. 680, 691 (1993) (quoting *United States v. Verdugo-Urquidez*, 494 U.S. 259, 264 (1990)). Thus, no constitutional violation occurs if the compelled statements are not used at the defendant's criminal trial. *See Chavez*, 538 U.S. at 767 ("Statements compelled by police interrogations of course may not be used against a defendant at trial, but it is not until their use in a criminal case that a violation of the Self-Incrimination Clause occurs.") (citations omitted).

The State did not use Strieter's statements at trial. In fact, Strieter never went to trial; she pleaded no contest to possessing child pornography. *See* Ex. 1. Without a trial, no constitutional violation occurred. Strieter's *Miranda* claim therefore is not cognizable on federal habeas review. *See Obregon v. Buesgen*, No. 22-cv-1513-bhl, 2024 WL 4602903, 2024 U.S. Dist. LEXIS 196082, at *14 & n.2 (E.D. Wis. Oct. 29, 2024) (noting that "there is no clear Supreme Court caselaw indicating that there is a constitutional violation" when a criminal defendant pleads guilty and, thus, his challenged statements are "never introduced against him at trial").

Even if Strieter's *Miranda* claim were cognizable, she still would not be entitled to federal habeas relief. The Supreme Court "has defined custodial interrogation as 'questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of [her] freedom of action in any significant way.'" *A.M.*, 360 F.3d at 795 (quoting *Miranda*, 384 U.S. at 444). "In determining whether a person is 'in custody,' the question is whether, examining the totality of the circumstances, a reasonable person in the petitioner's position would have felt 'at liberty to terminate the interrogation and leave.'" *Id.* at 795–96 (quoting *Thompson v. Keohane*, 516 U.S. 99, 112 (1995)).

Here, the state trial court—the last court to reach the merits of Strieter's *Miranda* claim—reasonably determined that Strieter was not in custody after she gave the police her cell phone because, at that time, she was still allowed to move about freely, permitted to smoke, and repeatedly advised that she was not under arrest. *See* Ex. 5, at 6:12–7:2. Thus, no *Miranda* warnings were required. *See Mathiason*, 429 U.S. at 395 ("[P]olice officers are not required to administer *Miranda* warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply . . . because the questioned person is one whom the police suspect. *Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render [her] 'in custody.'"). That finding was not contrary to clearly established Supreme Court precedent, did not involve an unreasonable application of clearly established Supreme Court precedent, and was not based on an unreasonable determination of the facts in light of the evidence presented at the suppression hearing. *See* 28 U.S.C. § 2254(d).

Accordingly, Strieter is not entitled to federal habeas relief on her *Miranda* claim.

14

Case 2:24-cv-01518-SCD     Filed 09/22/25     Page 14 of 16     Document 12

## IV. Strieter Is Not Entitled to Federal Habeas Relief on Her Trial-Court-Error Claim

In her final ground for relief, Strieter alleges that the trial court erred in denying her motion to suppress because the police lacked reasonable suspicion to seize and search her cell phone under Act 79, because the search exceeded the scope of any suspicion, and because she was not lawfully seized. *See* Pet. 9. This is not a stand-alone claim for relief or a separate alleged constitutional violation. Rather, Strieter simply repackages her other three grounds for relief in a different box that she labels "trial-court error." Because Strieter is not entitled to federal habeas relief on any of those three claims, she is also not entitled to federal habeas relief on her trial-court-error claim.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Where a district court denies a habeas petition on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (emphasis added). Here, no reasonable jurist would find it debatable whether Strieter's claims are cognizable or procedurally barred, and no reasonable jurist would find it debatable whether Strieter was denied her constitutional rights. I will therefore deny a certificate of appealability.

## CONCLUSION

In sum, Strieter is not entitled to federal habeas relief on any of her claims. Her Act 79 claim is not cognizable on federal review because it is a state-law issue, *Stone v. Powell*

15

precludes me from addressing the merits of Strieter's consent claim, Strieter's *Miranda* claim is not cognizable because her statements were not used against her at a trial, and Strieter's trial-court-error claim is not a stand-alone constitutional claim. Accordingly, for all the foregoing reasons, the court **GRANTS** the respondent's motion to dismiss petition for writ of habeas corpus, ECF No. 9; **DENIES** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody, ECF No. 1; and **DISMISSES** this action. The court also **DENIES** the petitioner a certificate of appealability. The clerk of court shall enter judgment denying the petition and dismissing this action.

    **SO ORDERED** this 22nd day of September, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge